HUNT, In re. See Case No. 5,305.

HUNT (BEDFORD v.). See Case No. 1,217.

HUNT (BLABON v.). See Case No. 1,455.

HUNT v. The CLEMENT. See Case No. 2,880.

---

## Case No. 6,885.

### HUNT v. The CLEVELAND.

[6 McLean, 76; [1] Newb. 221.]

Circuit Court, D. Illinois. Oct. Term, 1853.

COMMON CARRIERS OF GOODS—PROVISION OF BILL OF LADING—NEGLIGENCE—BURDEN OF PROOF—ACCIDENT — NOTE OF PROTEST BY MASTER OF VESSEL.

1. Several casks of hardware were shipped at Ogdensburg for Chicago. The casks were opened and examined at Chicago, and the hardware was found damaged. During the voyage, the propeller encountered a storm, and shipped water and leaked. No positive proof was given as to how the damage was done. The bill of lading promised to deliver the merchandise in good order, the dangers of navigation only excepted. The vessel was tight, staunch and well manned at the time of shipment. The damage being shown, it devolved on the carrier to establish it was within the exception of the bill of lading.

[See Bearse v. Ropes, Case No. 1,192.]

2. He has shown facts from which this can fairly be inferred.

3. The shipper has not proved that the damage could have been avoided by the exercise of reasonable care and skill. The carrier is therefore not liable.

[Cited in Steele v. Townsend, 37 Ala. 247.]

4. It is a useful and proper precaution for a master of a vessel to note a protest at the first port of his arrival, after an accident, but it is not an indispensable duty.

[Appeal from the district court of the United States for the district of Illinois.

[This was a libel by Edwin Hunt against the propeller Cleveland for damages, alleged to have been caused by the negligence of the claimant, to certain goods belonging to the libellant.]

---

[2] [35 Leg. Int. 71, gives "hundred."]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Stickney, for libellant.

Mr. Waite, for claimant.

DRUMMOND, District Judge. On the 8th of October, 1851, were shipped on the propeller Cleveland, at Ogdensburg, New York, several casks of hardware, for Chicago, belonging to the libellant. On the arrival of the propeller at Chicago, on the 1st of November, when the casks were opened and examined, it was ascertained that the hardware had been wet and damaged to an amount varying from three to five per cent., according to the kind of goods. The libel alleges that this damage was sustained in consequence of the carelessness and unskillfulness of the carrier. The claimants, in their answer, insist that the injury was the result of the dangers of the sea, and was unavoidable. The bill of lading states that the merchandise was shipped in good order and condition, and was to be delivered in like good order and condition—the dangers of navigation only excepted. The sole question in the case is whether the damage was within the exception in the bill of lading. The proof is that the vessel was tight, staunch, well manned and equipped in every respect. The injury being established, it is incumbent on the carrier to show that it was caused by the dangers of navigation, and if it appear it was the consequence of such dangers, then it devolves upon the shipper to make out that the damage might have been avoided by the exercise of reasonable care and skill on the part of the carrier. Clark v. Barnwell, 12 How. [53 U. S.] 272.

Apply these principles to the facts in this case. The casks were stowed in the after part of the forward hold, which was a proper and safe place for that kind of merchandise. The propeller had a cargo of various goods, for Cleveland, Sheboygan, Port Washington, Milwaukee, Racine, Southport and Chicago. Nothing of importance occurred till the 16th of October, when being off Saginaw Bay, the cylinder of one of the engines broke, and other damage was done which compelled the vessel to return to St. Clair to repair. The engine was repaired and they left St. Cloud on the 21st. After leaving St. Clair, and passing Point of Barques, about midnight of that day they were met with a very severe gale from the West. The sea made a clean breach over the vessel, washed things from the promenade deck, stove in the larboard gangway, which caused her to ship a considerable quantity of water which went through the hatch-way into the fire-hold, and to leak. All hands were immediately called and set to pumping. The propeller was put head to the wind and worked up under the lea of the land. At the end of about four hours' labor, they succeeded in freeing her from the water, and she did not afterwards leak more than usual. The gangway had been well and se-

curely fastened. They had heavy weather the remainder of the voyage, but nothing further occurred of any moment. The witnesses who testify to these facts are the captain, the engineer, the clerk and the mate. There is no contradictory testimony. They all concur in the belief, that whatever damage was done to the hardware was in this gale of wind, and that no human skill or prudence could have prevented it.

It seems fairly to be inferred from the proofs, that the damage was caused by the gale of wind, which resulted in wetting the merchandise, either by leakage of the vessel or by shipping water. The damage is thus shown to be caused by the dangers of navigation. It follows, that the shipper must establish negligence or want of skill in the carrier. It must not be matter of doubt merely, but it shall clearly appear there was a want of proper care, skill or diligence. Now, in this case, the court must be satisfied, notwithstanding the statements of the witnesses that there was proper care and skill, that there was not. It is certainly true that the court is not bound by the mere statements of the witnesses on this point; but facts must appear from which the court is able to infer there was a want of due care on the part of those who had the management of the propeller. There is nothing in the facts shown, to warrant such a conclusion. The testimony comes from those on board the vessel, and this should lead to great caution in receiving it. Any considerable experience in this class of cases teaches us to scrutinize closely everything that may be said. But the testimony cannot, obviously, come from any other source. We must endeavor to draw just conclusions from it, making all due allowance for the influences which may be supposed to affect the minds and memory of the witnesses.

Some stress was laid on the circumstance of there having been no protest noted until the arrival of the vessel in Chicago, notwithstanding she stopped at various places before her arrival at that port. It is a useful and proper precaution for a master of a vessel to note a protest on his arrival at the first port—when it is in his power to do so—in all cases where any accident has occurred, or any injury been sustained, or any possibility thereof; but it is not an indispensable duty, without which the carrier cannot be relieved from liability. It is always highly desirable that a statement should be made of all the circumstances attending any casualty or accident on ship board, while the facts are fresh in the mind, and before controversy has sprung up in relation to them. Still, if it be omitted, it operates against the carrier only by throwing a cloud over the transaction—at most, by casting something of suspicion on the affair. It cannot be said that the omission of the carrier shall throw upon him all the consequences of negligence in a clear case of none in fact.

It may well have its effect in a doubtful case, but not in one where there is nothing to cause the mind to hesitate in its conclusion. Abb. Shipp. 497 (side paging 380); 9 Leigh, 54; Conk. Adm. 684, etc.; Senat v. Porter, 7 Term R. 158; Arn. Ins. 1337; The Emma, 2 W. Rob. Adm. 315. There was a protest noted and properly extended on the arrival of the propeller at Chicago, but it has not been introduced. No objection has been taken on that point by the libellant. It is said to be lost or mislaid. I think it is reasonable to conclude under the circumstances of this case, if it were here it would shed no new light upon the subject of this controversy. The libel must be dismissed with costs.